UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Raizel Meisels, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiffs,<br><br><br><br>          -v.-<br><br>Credit Corp Solutions Inc.<br>dba Tasman Credit, and John Does 1-25<br><br>                                   Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Raizel Meisels (hereinafter, "Plaintiff"), a New York resident, brings this Class Action

Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Credit Corp

Solutions Inc. dba Tasman Credit, and John Does 1-25 (hereinafter "Defendant Credit Corp")

individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except

for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal

knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and

to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

1.      Plaintiff is a resident of the State of New York, County of Kings, residing at 159 Ross St., Apt.4, Brooklyn, NY 11211.

2.      Defendant Credit Corp is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 121 W Election Rd, Ste 200, Draper UT

84020 and can be served process upon its registered agent, Corporation Service Company at 15 West South Temple, Suite 600, Salt Lake City, UT 84101.

3.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

4.    Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

5.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

<u>**CLASS ALLEGATIONS**</u>

6.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

7.    The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom Defendant Credit Corp sent a collection letter attempting to collect a consumer debt;

    c.  that included a deceptive accounting of the actual balance owed;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

8.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entitles on whose behalf they attempt to collect and/or have purchased debts.

9.    Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

10.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms such as the case at hand, violate 15 U.S.C. §1692e and §1692g.

11.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

12.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal

issue is whether the Defendants' written communications to consumers, in the forms such as in this matter violate 15 U.S.C. §1692e and §1692g.

c.  **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.  **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

13.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

15.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

16.     Some time prior to October 10, 2019, an obligation was allegedly incurred to Synchrony Bank/Gap Visa Card

17.     The Synchrony Bank/Gap Visa Card obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a personal credit card.

18.     The alleged Synchrony Bank/Gap Visa Card obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19.     Synchrony Bank/Gap Visa Card is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20.     Synchrony Bank/Gap Visa Card purportedly sold the debt to Defendant Credit Corp, a debt collector, who is now attempting to collect the alleged debt.

21.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation*

22.     On a date better known to Defendants, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Synchrony Bank/Gap Visa Card. A true and accurate copy of the Letter is attached hereto marked Exhibit A.

23.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

The letter containing this information is known as the "G-Notice."

24.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

25.     The Letter contained all of the requirements of the ''G Notice."

26.     However, although a collection letter may track the statutory language, as is the case here, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

27.     The Letter states, in pertinent part, the following:

> Total Due as of Charge Off: $0.00; and
> Total Due: $9,010.10

28.     Defendant deceptively lists multiple balances due without an accounting for the change in amounts.

29.     This is especially confusing and misleading, because the Balance listed at Charge Off is listed as $0.00, and the total balance is listed as $9,010.10, which leaves the consumer in total confusion as to the amount actually owed.

30.      Plaintiff incurred an informational injury as she could not ascertain from the deceptive and misleading Letter the amount she presently owed on the debt.

31.      Defendant's Letter contains a false representation of the amount of the debt.

32.      As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

33.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34.      Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35.      Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36.      Defendant violated §1692e:

 a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

 b.  By making a false and misleading representation in violation of §1692e(10).

37.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

38.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

40.    Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    i.   The amount of the debt;

    ii.   The name of the creditor to whom the debt is owed;

    iii.   A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    iv.   A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

     v.  A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41.     Defendant violated 15 U.S.C. §1692g by failing to clearly communicate the amount of the debt allegedly owed by Plaintiff.

42.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

43.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raizel Meisels, individually and on behalf of all others similarly situated, demands judgment from Defendant Credit Corp as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 29, 2020                    Respectfully Submitted,

*/s/ Raphael Deutsch*
**Stein Saks, PLLC**
By:  Raphael Deutsch
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501